Milligan, J.,
delivered the opinion of the Court.
This is an action brought in the Circuit Court of Lauderdale, on a note for $1,863.50, executed by the *16 plaintiffs in error to Wm. C. Fain, “agent and attorney in fact for Elijah Handley/’ bearing date Nov. 22, 1859, and due and payable one year thereafter.
The pleadings are informal, lengthy and peculiar. In the declaration there are two counts, to which there are no less than six pleas, with replications and issues on all.
It is not necessary to notice the irregularities in the pleadings, as the contest, on the trial, appears to have turned on the matter of the sixth plea, which is in the nature of a plea puis darrein continuance, and in which it is, in substance, alleged, that since the institution of this suit, and the filing of pleas therein, the plaintiff and the defendant, Thomas Fitzpatrick, agreed together, which agreement was reduced to writing and signed by the parties thereto, whereby the defendant undertook to deliver, at his Gin House, on or before the — day of -, 1862, so much cotton, ready ginned and baled, as would, at sixteen cents per pound, pay and satisfy the note sued on in this action, which the plaintiff agreed to receive in full satisfaction and discharge of the note.
It is also averred in the plea, that the written agreement was placed in the custody of one Ira G. Brasfield, from whom the plaintiff obtained it, and fraudulently withholds it, and that the defendant has kept and performed his part of the agreement.
The averments in the plea are traversed in the replication and issue taken thereon.
The facts as proven, among other things not necessary to be noticed, show the existence of the written *17 agreement, and its stipulations to have been in substantial conformity to the averments in the plea. The time of delivery, as fixed in the contract, is shown by the proof to have been “about '.the 15th of February, 1862, and that the cotton, which, as it is alleged, was set apart for the defendant in error, was, after that date, burned by the military forces of the “Confederate States.”
Under this state of facts, the Court charged the jury, among other things, not excepted to, “That Dr. Fain, as agent of plaintiff, might take a note for the amount due, and give time to get the debt secured; hut that he had no right as agent, to take cotton, unless you find he had the right to speculate in cotton by special agency for that purpose. The proof shows that the defendant intended, in good faith, to deliver the cotton, hut did not deliver it, in fact; hence if you find the facts that way, you will find for the plaintiff. The cotton must he delivered in fact. Dr. Fain must have had control of it, or have it so that he could lay his hands upon it.”
The charge of His Honor, the Circuit Judge, is erroneous in several respects. The legal interest in the note sued on, is, hy the terms of the instrument, vested in the defendant in error, and the addition of the words “agent and attorney in fact, of ■Elijah Handley,” is merely descriptive of the person, and Handley at most, only has a beneficial interest in the note: Cocke vs. Dickens, 4 Yer., 29, and authorities there cited.
*18 But a more obvious error in the charge, consists in the fact, that it assumes to answer both the law and the facts. The sixth article and ninth section of the Constitution, declares: “Judges shall not charge the jury with respect to matters of fact: they may state the testimony and declare the law.” In this case, the charge goes beyond the Constitutional limit, as well as the uniform ruling of this Court: Kertland vs. Montgomery, 1 Swan, 452, and in terms, informs the jury “that the proof showed that the defendant, in good faith, intended to deliver the cotton, but did not deliver it, in fact.” This is error. The fact of the delivery should have been left to the jury; and it is no excuse, after the Court has decided what has been proven, to tell the jury, “that if they find the facts that way, their verdict must be for the plaintiff, or defendant, as the case may be.” The jury is • the peculiar judge of the facts, and they should always be left free to determine them, without the weight and influence of the opinion of the presiding judge.
It is further insisted, that the instructions given to the jury in relation to the delivery of the cotton, are erroneous. They certainly are, in some important particulars, defective, if not erroneousj and calculated to mislead the jury. The rule of law as laid down in Story on Contracts, sec. 800, is plain, and of easy application. He says: “The first rule 'of law applicable to delivery, and to which all other rules, are subordinate, is, that no sale is complete, so as to *19 vest an immediate right of property in the buyer, so long as any thing remains to he clone as between the buyer and the seller. The goods ¡fold must be identified, separated, and distinguished from all other goods, or from the bulk and. mass with which they are mixed.” The net weight or quality, this Court has said, in the case of Williams vs. Adams, 3 Sneed, 359, need not, in all cases, be -ascertained. It. is sufficient if the seller has complied with his part of the contract, and done all that was reasonably required of him. When that is done, the property is at the risk of the buyer, whose duty it is at the time of the delivery, to be, by himself or agent, at the place fixed in the contract, ready to perform his part of its stipulations.
Yarious other questions were raised in argument, which, in the present aspect of this case, we do not deem it necessary to notice.
The judgment of the Circuit Court must be reversed, áncl a new trial awarded.